IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Gordon L. Atkeison, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19cv1480 (LMB/MSN) |
| | ) | |
| Harold W. Clarke, | ) | |
|     Respondent. | ) | |

<u>MEMORANDUM OPINION</u>

Gordon L. Atkeison ("Atkeison" or "petitioner"), a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of the sentence imposed for his malicious wounding conviction entered in Powhatan County Circuit Court. [Dkt. No. 1]. Respondent has filed a Motion to Dismiss, with a supporting brief, and Atkeison has filed responsive materials pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). Accordingly, respondent's motion is ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition dismissed.

## I. Procedural History

Atkeison pleaded guilty in the circuit court on December 11, 2015 to malicious wounding and was sentenced on March 24, 2016 to 20 years in prison with 11 years suspended. (Case No. CR14000138-00). The Court of Appeals of Virginia denied Atkeison's petition for appeal on December 29, 2016, <u>Atkeison v. Commonwealth</u>, Record No. 0919-16-2 (hereinafter "CAV R. at ___"), in an opinion summarizing the evidence as follows:

> [T]he evidence ... established that appellant, without provocation, attacked his uncle while he was asleep, cutting the victim with a box cutter on the face and chest, before fleeing from the house. The victim's wounds required twenty-one stitches, and he also lost a tooth. The victim believed appellant's use of alcohol may have been a factor in the attack. Appellant testified at the sentencing hearing that his uncle had sexually abused him when he was a child, an allegation

> the uncle denied. Appellant had an extensive history of mental health issues and had been evaluated twice before the trial to assess his sanity at the time of the offense. Appellant was not found to meet the standard for criminal insanity nor was there a finding that he was driven by an irresistible impulse to commit the offense.

(CAV. R. at 64). The Court of Appeals granted counsel's motion to withdraw and expressly ordered that Atkeison "is representing himself on any further proceedings or appeal." (CAV R. at 66-67). No further appeal was filed.

On or about April 10, 2017, Atkeison filed a petition for a writ of habeas corpus in the Powhatan County Circuit Court.[1] The circuit court dismissed the habeas petition on October 31, 2017 and Atkeison noted his appeal to the Supreme Court of Virginia, which refused Atkeison's petition for appeal on July 3, 2018 because "the petition for appeal d[id] not contain assignments of error as required by Rule 5:17(c)(1)(i)." Atkeison v. Clarke, Record No. 180069 at 36; [Dkt. No. 1-6 at 17].

The pending federal petition was filed on October 16, 2019.[2] It raises the following three claims:

> (1)(a) Counsel was ineffective because "he failed to correct a sentencing altering mistake on the sentencing guidelines" "despite having evidence that the guideline was improperly calculated." [Dkt. Nos. 1 at 4; 1-6 at 6].
>
> (1)(b) Counsel was ineffective because "he failed to conduct a thorough investigation as required by the 6th Amendment" and "consider and investigate proof which proved the guidelines had been improperly calculated." [Dkt. Nos. 1

---

[1] Respondent's Brief in Support states the petition was filed on June 20, 2017, but the record shows that the state habeas petition was executed on April 10, 2017. (Cir. Ct. Hab. Petition at 5). The Court will use the April 10, 2017 date because it is the earliest date the state habeas petition could have been filed. See Houston v. Lack, 487 U.S. 266, 276 (1988) (habeas petition considered filed when delivered to prison officials for mailing).

[2] Although the petition was signed on October 16, 2019, it was not received by this court until November 21, 2019 and was docketed on that date. Because Atkeison is a prisoner, his petition is deemed filed as of the date he provided it to the prison officials, which in this case is October 16, 2019.

at 4; 1-6 at 8].

(2) "Petitioner has discovered new evidence that proves the victim's injuries were NOT life threatening thus creating guidelines which were improperly calculated and an unjust sentence." [Dkt. No. 1 at 4].

## II. Statute of Limitations

In his Motion to Dismiss, respondent argues that the applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented in Atkeison's federal habeas petition. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Under 28 U.S.C. § 2244(d), the one-year period in which to file a federal habeas corpus petition generally begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(A), (d)(2).[3]

The Court of Appeals of Virginia denied Atkeison's petition for appeal on December 29, 2016. Thirty days later, on Monday, January 30, 2017, the time expired for him to file a notice of appeal to the Supreme Court of Virginia. Va. S. Ct. Rule 5:14(a). Therefore, in calculating when direct review ended, the 90-day period allowed for filing an application for writ of certiorari with the United States Supreme Court is not included because Atkeison did not properly maintain a direct appeal through the highest available state court. See Butler v. Cain,

---

[3] Petitioner does not argue that there was either a state-created impediment to filing his petition, that the United States Supreme Court has recognized the constitutional right he asserts, or that the factual predicate of the claim could not have been discovered with due diligence.

3

533 F.3d 314, 316-19 (5th Cir. 2008); Riddle v. Kemna, 523 F.3d 850, 852-56 (8th Cir. 2008); Pugh v. Smith, 465 F.3d 1295, 1297-1300 (11th Cir. 2006). Absent tolling, Atkeison had until January 30, 2018, to file his federal habeas petition. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

*A. Statutory Tolling*

The one-year federal statute of limitations was tolled, which means it stopped running, on the date Atkeison filed his state habeas petition, April 10, 2017. Between January 30, 2017 and April 10, 2017, 70 days passed, leaving Atkeison 295 days in which to file a federal habeas petition after his state habeas proceedings concluded. His state habeas proceeding concluded on October 31, 2017 when the circuit court dismissed Atkeison's habeas petition. Atkeison petitioned for review of that dismissal in the Supreme Court of Virginia, but that petition was dismissed on July 3, 2018 because it was not "properly filed." Specifically, the court found that Atkeison's petition did "not contain assignments of error as required by [Va. S. Ct.] Rule 5:17(c)(l)(i)." Because he did not file an appeal, the time between October 31, 2017 and July 3, 2018, was not tolled. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which includes "form of the document"); Siebert v. Campbell, 334 F.3d 1018, 1024 (11th Cir. 2003) (finding that Artuz listed "the form of a document" among the "narrow category of rules setting forth prerequisites to the commencement of suit."). In Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001), appeal dismissed, 47 F. App'x 200 (4th Cir. 2001), the Court held that a petition for appeal from the denial of state habeas relief was not properly filed because it did not include assignments of error as required by state court rules. Because the petition for appeal was not properly filed, the remaining 295 days

4

in which petitioner had to file a federal habeas petition began to run after the circuit court dismissed his state habeas petition on October 31, 2017. See Escalante v. Watson, 488 F. App'x 694, 697-98 (4th Cir. 2012) (relying on Christian's logic to hold that petitions failing to comply with Va. Sup. Ct. R. 5:17(c) do not toll the statute of limitations under § 2244(d)(2)); Rodgers v. Angelone, 113 F. Supp. 2d 922, 930 (E.D. Va. 2000) ("[U]nder Virginia's rules, an 'application' is only 'properly filed' on the date that the prisoner, within the time limit, submits his petition for appeal to prison officials to be mailed."), appeal dismissed, 5 F. App'x 335 (4th Cir. 2001). Without additional tolling after the state habeas petition was dismissed by the circuit court, the federal statute of limitations lapsed on August 22, 2018 (295 days after the dismissal of his state habeas petition by the state circuit court).

Even if the statute of limitations had been tolled until July 3, 2018, when the Supreme Court of Virginia dismissed his appeal, and even if Atkeison also got the benefit of an additional 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court, his federal petition is time-barred because the last day for filing would have been October 2, 2019. The federal petition was filed on October 16, 2019, two weeks past that deadline. Accordingly, the petition is untimely under § 2244(d) unless petitioner can establish that the statute of limitations does not apply or was equitably tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

*B. Equitable Tolling*

An untimely habeas petition may be reviewed if the petitioner demonstrates an entitlement to equitable tolling, see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), or through a showing of actual innocence, see McQuiggin v. Perkins, 569 U.S. 383 (2013). To qualify for equitable tolling, a petitioner must demonstrate that (1) he had been pursuing his rights

5

diligently, and (2) that some extraordinary circumstance stood in his way, preventing him from timely filing. Pace, 544 U.S. at 418. Here, the extreme tardiness of petitioner's petition, for which he has offered no reasonable explanation, demonstrates that he was not diligently pursuing his claims. Accordingly, he is not entitled to equitable tolling.

Nor is petitioner entitled to relief under a theory of actual innocence. The Fourth Circuit has held that the actual innocence exception "does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction. Indeed, we have found no case that has granted a movant relief on such a basis." United States v. Jones, 758 F.3d 579, 586 (4th Cir. 2014). The Fourth Circuit has further held that a narrow actual innocence exception "applies in noncapital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision," and not regarding other sentencing mistakes. United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999).

> [T]he actual innocence exception may be applied in § 2255 to noncapital sentencing proceedings. United States v. Maybeck, 23 F.3d 888, 892-94 (4th Cir. 1994); see also Mikalajunas, 186 F.3d at 494. To succeed on actual innocence grounds, however, "a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Mikalajunas, 186 F.3d at 494. Furthermore, the "movant must show actual innocence by clear and convincing evidence." Id. at 493.

United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010).

To establish actual innocence, "[new] evidence must establish sufficient doubt about [a petitioner's] guilt to justify the conclusion that his [incarceration] would be a miscarriage of justice unless his conviction was the product of a fair trial." Schlup v. Delo, 513 U.S. 298, 316 (1995) (emphasis in original). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence," id. at 324, and the court may also

consider how "the likely credibility of the affiants bear[s] on the probable reliability of that evidence." Id. at 332.

Atkeison's claim of actual innocence is based upon an alleged mistake in calculating Virginia's sentencing guidelines because the victim's injuries were deemed "life-threatening," which elevated the upper end of his guidelines by "1 year and 5 months." [Dkt. No. 1 at 13]. Atkeison relies upon three items of "new" evidence to show that it was error to consider the victim's injuries life-threatening in calculating the sentencing guidelines: (1) a September 3, 2014 newspaper article [Dkt. No. 1-4]; (2) a portion of a police report [Dkt. No. 1-2]; and (3) a telephone call he allegedly had with the victim on an unspecified date. Atkeison argues that the new evidence "was not available at trial due to counsel's erroneous strategic decisions" [Dkt. No. 1 at 3], was not known to him because of counsel's errors [Dkt. No. 1-6 at 10, 11], and "was not part of counsel's discovery because he relied on his erroneous and uniformed decision to omit it." [Dkt. No. 1-6 at 13]. Atkeison also asserts that his petition is timely because he did not discover the new evidence until "on or around 7-14-2019," [Dkt. No. 1-6 at 14], which is when he alleges he spoke to the victim. [Dkt. No. 1 at 10].

Based upon Atkeison's assertions that the new evidence had not been available at trial and had only become known to him on or around July 14, 2019, the Court directed Atkeison to address the timeliness of his petition due to the date of the newspaper article, September 3, 2014, which preceded his trial. [Dkt. No. 6 at 2-3].[4] Atkeison responded on February 24, 2020, and his response establishes that the representations made in his petition are, at best, incorrect and, at

---

[4] The federal petition contains other inconsistencies. For example, in federal claim 1(a), Atkeison alleges his attorney was ineffective for not using the police report he now claims was just discovered on July 14, 2019, to point out the alleged error in the guidelines. [Dkt. No. 1 at 5].

7

worst, dishonest.

Without explanation as to the statements in his federal habeas petition, in his response, Atkeison admits that the newspaper article and the police report *were* available but argues that "during trial ... the court did not address the discrepancy nor ... subpoena the [victim's] medical records to settle the discrepancy thus violating Atkeison's right to exculpatory evidence." [Dkt. No. 9 at 2]. Atkeison's admission that the article and police report were available during his trial undercuts any claim that he was denied exculpatory evidence and just recently discovered this evidence. See Epperly v. Booker, 997 F.2d 1, 10 (4th Cir. 1993) (quoting United States v. Wilson, 901 F.2d 378, 381 (4th Cir. 1990)) ("where the exculpatory information is not only available to the defendant but also lies in a source where a reasonable defendant would have looked, a defendant is not entitled to the benefit of the Brady doctrine.").

The circuit court habeas record further establishes that Atkeison had the newspaper article and police report in his possession before he filed his state habeas petition because they were included as Exhibit Nos. 10 and 12 in the state habeas petition. Counsel's affidavit in the state habeas proceedings also establishes that counsel provided petitioner with copies of the incident report along with other documents via a letter dated December 5, 2014, and discussed it with him. Affidavit at ¶¶ 3 and 9. Consequently, Atkeison had two of the three items of "new evidence" over two years before he filed his federal habeas petition.

In addition, during the state habeas proceedings, the circuit court dismissed two ineffective assistance of counsel claims that relied upon the newspaper article and police report, stating "[a]s to claims 1(i) and 5, I believe that Mr. Atkeison has failed to show that the sentencing guidelines were incorrect." [Dkt. No. 19-4 at 2].[5] In reaching that conclusion, the

---

[5] The undisputed evidence in the record before the circuit court established that the victim

8

circuit court had the newspaper article and the police report before it as well as the instructions for preparing the guidelines and the definition of "life-threatening" used within the context of the sentencing guidelines.[6] The circuit court rejected Atkeison's argument and found that no error had been made in calculating the guidelines. Further, in dismissing claim 1(i) and 5, the circuit court held that "Atkeison has failed to demonstrate that his counsel's performance was constitutionally deficient or that he suffered any prejudice as a result of his counsel's alleged ineffectiveness." [Dkt. No. 19-5 at 3].[7] It is significant that the judge who found that there was no error in calculating the sentencing guidelines and found that Atkeison had suffered no prejudice was also the judge who imposed the sentence of twenty years with eleven years suspended.[8] Wiles v. Dillman, No. 7:07-cv-00402, 2008 U.S. Dist. LEXIS 54652, at *20 n.6 (W.D. Va. July 17, 2008) (where the trial judge who tried the petitioner adjudicated his state habeas petition, the habeas judge "was uniquely situated and undoubtedly in the best position to

---

needed 21 stitches, had lacerations to his neck, shoulder and upper arm, lost a tooth, and includes photographs that accurately depict the nature of the victim's injuries. (12/11/15 Tr. at 7-0; Comm. Ex. Nos. 1 and 2).

[6] The sentencing guidelines add points if the victim's injury was "life-threatening," meaning that the victim sustained "an injury involving a substantial risk of death, an injury that resulted in the loss or major impairment of any limb or organ, or died. Generally, a life-threatening injury will require hospitalization of at least one night." Virginia Sentencing Guidelines, Part 2, Section A, at 1 (hereinafter "Guidelines"). The 2014 sentencing guidelines are available at https://sentencing.umn.edu/profiles/virginia (last viewed July 21, 2020) and can be accessed by clicking on Jurisdictions, then Virginia, and then on the Virginia Repository.

[7] Findings of fact made by the state court are presumed to be correct and a petitioner bears the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (it is not the province of the federal court to re-examine a state court's determinations of state law).

[8] The trial judge stated that given Atkeison's "extensive history" of assaultive behavior, and the unprovoked nature of the "serious attack," a sentence above the midpoint, twenty years in prison with eleven years suspended, was appropriate. (3/24/16 Tr. at 51-52).

9

know if any of counsel's alleged errors actually prejudiced" the petitioner and "his conclusions about counsel's performance" are "entitled to considerable deference."), appeal dismissed, 304 F. App'x 190 (4th Cir. 2008); see also Rule 4 of the Rules Governing Habeas Corpus Cases (requiring habeas motions filed by federal prisoners to be presented to the judge who conducted the trial and imposed the sentence).

The record clearly establishes that Atkeison knew the basic facts and had possession of the documents necessary to raise his claims of ineffective assistance of counsel and the alleged sentencing error when he filed his state habeas petition and actually used the newspaper article and police report in support of that petition. (Hab. Pet. at 14-15, 22-23; Ex. Nos. 10, 12). As such, Atkeison was not diligent in pursuing federal review and his behavior was the only circumstance that prevented the timely filing of his federal petition. See Sherratt v. Friel, No. 2:05-CV-885 TC, 2007 U.S. Dist. LEXIS 71190, at *18 (D. Utah Sept. 24, 2007) (concluding no diligence and declining to apply actual innocence exception where the evidence upon which claims were based was available during petitioner's state habeas proceedings and he did not file his federal petition until over eighteen months after the state habeas proceedings had concluded); see also McQuiggin, 569 U.S. at 399 ("unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing [of actual innocence]."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."). Here, Atkeison was simply not diligent in pursuing his federal habeas remedy; this "new evidence" was neither new nor would it open a gateway to allow consideration of his time-barred claims.

The last item of "new evidence," the alleged phone call with the victim, does not help the petitioner because it is unreliable hearsay. Among the defects in this evidence, is Atkeison's failure to submit an affidavit or other direct statement from the victim to support what he alleges was said. Under such circumstances, the alleged statement is not reliable evidence. See Sawyer v. Clarke, No. 2:16cv592, 2017 U.S. Dist. LEXIS 118953, at *19 (E.D. Va. June 27, 2017) ("[U]nsigned statement is unreliable and, therefore, to the extent that the statement includes details not testified to at trial, any such details do not justify an actual innocence finding"), adopted by 2017 U.S. Dist. LEXIS 118859, *2 (E.D. Va. July 28, 2017), appeal dismissed 2017 U.S. App. LEXIS 26142 (4th Cir. Dec. 21, 2017); see also Dukes v. Graham, No. 16-CV-0918, 2020 U.S. Dist. LEXIS 75414, at *24 (W.D.N.Y. Apr. 28, 2020) (unsworn affidavits "do not constitute the type of new, reliable evidence sufficient to establish that 'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'") (citing Schlup, 513 U.S. at 329); Bolender v. Singletary, 898 F. Supp. 876, 882 (S.D. Fla. 1995) (rejecting affidavits that "contain solely hearsay statements" as "not the reliable testimony that was contemplated by" Schlup). For these reasons, this last piece of "new evidence" is rejected.

## V. Conclusion

Because this petition for habeas relief is time-barred and petitioner has not established any grounds for relief from the statute of limitations, respondent's Motion to Dismiss will be granted by an Order issued with this Memorandum Opinion.

Entered this 19th day of August 2020.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

11